# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAURICE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:19-cv-02272-SPM |
| ) | |
| JENNIFER SACHSE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Maurice Williams' Motion for Default Judgment (Doc. 11) and Motion to Appoint Counsel (Doc. 19). For the reasons set forth herein, the motions will be denied.

**1. Motion for Default Judgment**

On August 6, 2019, this court filed a Case Management Order directing Respondent to respond to Petitioner's Petition by September 20, 2019. (Doc. 6.) On September 20, 2019, Respondent requested an extension of time, until October 21, 2019, to file a Response. (Doc. 9.) On October 21, 2019, Respondent filed a second request for an extension of time, until November 21, 2019, to file a Response (Doc. 10.) On October 28, 2019, the court granted Respondent's motions. (Doc. 12.)

On October 23, 2019, Petitioner filed a motion for default judgment, in which he claimed that he is entitled to immediate release and a default judgment in his favor because Respondent did not file a Response by September 20, 2019, the deadline set in the Case Management Order. (Doc. 11.)

On November 21, 2019, Respondent filed a third request for an extension of time until December 21, 2019 (Doc. 13), which the Court granted (Doc. 14).[1] On December 23, 2019, Respondent filed a fourth request, seeking until January 28, 2020, to file a Response. (Doc. 15.) The court granted Respondent's motion on December 26, 2019. (Doc. 16.)

Respondent's requests for additional time asserted that the petition "contains thirty-nine grounds for relief, some with multiple subparts, most of which were never presented in state court. Due to the length of the petition and the lack of prior presentation, Respondent's counsel needs additional time to research and respond to Petitioner's claims." (Docs. 10, 13, 15.) Respondent filed the Response on January 28, 2020. (Doc. 18.)

Default judgment is an extreme sanction that is disfavored in habeas cases, and some courts have even held that it is unavailable. *See Lemons v. O'Sullivan,* 54 S.3d 357, 364-365 (7th Cir. 1995) ("Default judgment is disfavored in habeas corpus cases"); *Gordon v. Duran,* 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); *Allen v. Perini,* 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases."); *see also Kennemore v. Blake*, 4:08CV173–DJS, 2009 WL 467304, at *2 (E.D.Mo. Feb. 24, 2009) (holding the "extreme sanction of default judgment would be inappropriate" when petitioner was not prejudiced by a fourteen-day delay in responding to petition); *Rollen v. Steele*, 4:06CV1114–CAS–MLM, 2007 WL 1125711, at *1 (E.D.Mo. Mar. 26, 2007) ("Whether a default judgment is available in a habeas corpus proceeding is doubtful."); *Hodges v. Norris*, 5:07CV00062–SWW, 2008 WL 80547, *7 (E.D.Ark. Jan. 3, 2008) ("Releasing a properly convicted prisoner by granting habeas relief is a disproportionate sanction for the technical violation that occurred here....").

---

[1] Respondent's requested new due date, December 21, 2019, was a Saturday. Accordingly, the true due date was Monday, December 23, 2019. Fed. R. Civ. P. 6(a)(1)(C).

In this case, Respondent timely filed requests for additional time to address Petitioner's thirty-nine grounds for relief, and the Court granted each request, extending the deadline beyond the September 20, 2019 deadline set in the Case Management Order. Thus, Respondent's response was timely filed. Petitioner has not established the response was untimely or that Petitioner was prejudiced by Respondent's extensions. The extreme sanction of default judgment would be inappropriate under these circumstances. As such, the undersigned will deny Petitioner's motion for default judgment.

**2. Motion for Appointment of Counsel**

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. On August 6, 2019, the Court reviewed Petitioner's complaint pursuant to 28 U.S.C. § 1915(e) and granted Petitioner's motion to proceed *in forma pauperis*. (Doc. 5.) Additionally, the Court denied Petitioner's first motion for appointment of counsel because he

"has demonstrated, at this point, that he can adequately present his claims to the Court." (*Id*.) Indeed, it appears that Petitioner has demonstrated that he has been well-able to present his claims to the Court, and it therefore cannot be said that he would substantially benefit from the appointment of counsel. Thus, the Court finds that neither the interests of justice nor due process requires the appointment of counsel. Petitioner's second motion for appointment of counsel will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for default judgment (Doc. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (Doc. 19) is **DENIED**.

                                                                                    /s/ Shirley Palmer
                                                                    SHIRLEY PADMORE MENSAH
                                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of September, 2020.