# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MAURICE WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 4:19-CV-02272-SPM |
| | ) |
| JENNIFER SACHSE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Maurice Williams' "Request for Restraining Order Pursuant to Rule 92 of Federal Procedure." (Doc. 21). In his habeas petition, Petitioner is challenging his conviction and sentencing in the 22nd Judicial Circuit Court of the St. Louis City, Missouri. Pet'n at 1, Resp't. Ex. 2, at 44-46. In the instant motion, Petitioner states that although he was granted a parole release, he is still being held in custody, "unlawfully, because of his poverty," and that his liver medication is being withheld by Respondent. Petitioner requests that the Court order Respondent to immediately release him to a residential facility not operated by the Department of Corrections and to notify the medical provider there to provide the liver medication that has been withheld.

At the time the motion was filed, Petitioner indicated that his address was at the Missouri Eastern Correctional Facility. However, shortly after the motion was filed, Petitioner indicated to the Court that his address had changed to what appears to be a private address. Thus, it appears that Petitioner's request that he be released to a halfway house may be moot. Even if the request is not moot, however, the Court finds that it lacks jurisdiction to rule on the motion. Petitioner purports to bring this motion under Federal Rule 92, but no Rule 92 exists in either the Federal

Rules of Civil Procedure or the Rules Governing Section 2254 Cases. It appears that Petitioner is seeking relief under Missouri Rule of Civil Procedure 92.02, the Missouri state court rule governing temporary restraining orders; that rule, however, does not apply in this federal habeas action.

Construing the motion broadly, Petitioner may be attempting to seek medical parole or clemency related to a medical condition. However, such requests must be made through the correctional center's physician, the chief medical administrator, the board of probation and parole, and/or the Governor of Missouri. *See* Mo. Rev. Stat. § 271.250 (" Whenever any offender is afflicted with a disease which is terminal, or is advanced in age to the extent that the offender is in need of long-term nursing home care, or when confinement will necessarily greatly endanger or shorten the offender's life, the correctional center's physician shall certify such facts to the chief medical administrator, stating the nature of the disease. The chief medical administrator with the approval of the director will then forward the certificate to the board of probation and parole who in their discretion may grant a medical parole or at their discretion may recommend to the governor the granting or denial of a commutation."). This Court has no jurisdiction over such matters.

For all of the above reasons,

**IT IS HEREBY ORDERED** that Petitioner Maurice Williams' Request for Restraining Order Pursuant to Rule 92 of Federal Procedure (Doc. 21) is **DENIED**.

                                                                  SHIRLEY PADMORE MENSAH
                                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 5th day of February, 2021